**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen Malherek, | No. CV-18-00409-TUC-CKJ |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Presently before the Court is Plaintiff's Motion for Reconsideration (Doc. 21).  For the following reasons, Plaintiff's Motion is DENIED, and this case remains CLOSED.

## PROCEDURAL HISTORY

On August 16, 2018, Plaintiff filed a complaint appealing the administrative decision of the Commissioner of Social Security Administration which denied her claim of disability benefits.  (Doc. 1)  On November 9, 2018, the Commissioner filed her answer and a copy of the administrative record.  (Doc. 11, 12)  On June 5, 2019, after briefing by the parties, Magistrate Judge Thomas Ferraro issued his Report and Recommendation ("R&R") (Doc. 16).  In his R&R, Magistrate Judge Ferraro recommended that the Court affirm the decision of the Administrative Law Judge ("ALJ") and deny Plaintiff's appeal. *Id.*  On June 19, 2019, Plaintiff filed her objections to the R&R outlining five arguments why the Court should reject the Magistrate Judge's recommendation.  (Doc. 17)  On September 26, 2019, after analyzing Plaintiff's objections to the R&R, the Court adopted the recommendations of Magistrate Judge Ferraro and denied Plaintiff's claims.  (Doc. 19)  On October 24, 2019, Plaintiff filed her Motion for Reconsideration and memorandum in support thereof.  (Doc. 21, 22)  This Order follows.

**LEGAL STANDARD**

"Although [Federal Rule of Civil Procedure] 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). "A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.' " *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (emphasis added) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). "Courts have generally not defined what constitutes 'clear error' under Rule 59(e)." *Piper v. U.S. Dep't of Justice*, 312 F. Supp. 2d 17, 21 (D.D.C. 2004) (internal citation omitted). "Given that lack of definition . . . courts routinely look to the 'clearly erroneous' standard invoked in the context of the law of the case doctrine." *Teamsters Local 617 Pension and Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 231 (D. Ariz. 2012). "To be clearly erroneous, a decision must strike [a court] as more than just maybe or probably wrong; it must be dead wrong." *Hopwood v. Texas*, 236 F.3d 256, 272-73 (5th Cir. 2000).

Additionally, "[a] motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted). "[A] party raising arguments or presenting evidence for the first time when they could reasonably have been raised earlier in the litigation raises the concern that it has abused Rule 59(e)." *Teamsters Local 617*, 282 F.R.D. at 220. "Ultimately, a party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Cachil Dehe Band of Wintun Indians v. California*, 649

F. Supp. 2d 1063, 1070 (E.D. Cal. 2009) (internal quotation marks and citation omitted).

As it relates to motions for reconsideration, the Local Rules of this District also offer guidance.  They instruct:

> (1) Form and Content of Motion. The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. *No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order*. Failure to comply with this subsection may be grounds for denial of the motion.

> (2) Procedure. No response to a motion for reconsideration and no reply to the response may be filed unless ordered by the Court, but no motion for reconsideration may be granted unless the Court provides an opportunity for response. *Absent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion*.

LRCiv 7.2(g) (emphasis added).

## ANALYSIS

In Plaintiff's Motion for Reconsideration, she raises two arguments for this Court to consider: (i) the Court erred when it held that a mental impairment that is not "severe" cannot impact a claimant's ability to perform "semi-skilled" work; and (ii) the Court erred when it held that a claimant's mild mental limitations need not be included in an ALJ's RFC assessment when at issue is the claimant's ability to perform work more demanding than "unskilled" work.  (Doc. 22)

### I.    Plaintiff's Motion is Untimely

As a preliminary matter, the Court notes that Plaintiff's Motion is untimely and

procedurally barred from review.  *See Cunningham v. Weston*, 180 F. App'x 644, 647 (9th Cir. 2006) (affirming district court denial of motion for reconsideration for failing to adhere to local rule filing deadline).  The Court issued its order adopting Magistrate Judge Ferraro's R&R on September 26, 2019. (Doc. 19) Plaintiff filed her Motion for Reconsideration and corresponding memorandum of law twenty-eight days later, on October 24, 2019.  (Doc. 21, 22)   The Local Rules dictate that "any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion."  LRCiv. 7.2(g).  That said, Plaintiff's motion is 13 days overdue.  Accordingly, her Motion is DENIED.

## II.   Plaintiff Presents Duplicative Arguments

Notwithstanding the untimeliness of Plaintiff's Motion, the Court also finds Plaintiff's argument that the Court erred in holding that Plaintiff's mental limitations need not be included in an RFC assessment when her ability to perform work more demanding than unskilled work was at issue is duplicative.  Conspicuously, Plaintiff made the identical argument in her objection to the R&R.  She stated:

> The Magistrate Judge recommended holding that the ALJ reasonably found [Plaintiff's] mild mental limitations . . . no longer existed when the ALJ determined [Plaintiff's] residual functional capacity between steps three and four of the sequential evaluation . . . The Magistrate Judge recommended that the Court rely on the ALJ's assertion that she considered [Plaintiff's] severe and non-severe impairments in combination. That assertion is not rational explanation for the disappearance of [Plaintiff's] mild mental limitations when her residual functional capacity was determined. The Court should reject Magistrate Judge's recommendation to hold that recognized mild mental limitations need not be accounted for in an ALJ's residual functional capacity assessment when at issue is semi-skilled work.

(Doc. 17 at 9) (internal citations omitted).

In its Order adopting the R&R, the Court observed:

- 4 -

1
2
3
4
5
6
7

> Plaintiff's argument is solely predicated upon the fact that the ALJ did not specifically mention her mild mental limitation when determining her RFC. *However, the ALJ explicitly stated that all the Plaintiff's impairments were considered when determining her RFC.* The ALJ did not err by electing not to devote a specific section to discuss Plaintiff's mild mental impairment in her RFC. *An ALJ is required only to discuss and evaluate the evidence that supports his or her conclusion; it does not specify that the ALJ must do so under [a specific] heading.*

8
9
10
11
12

(Doc. 19 at 7) (emphasis added) (internal quotation marks and citations omitted). Accordingly, the Court will not entertain—for the second time—Plaintiff's argument that the ALJ failed to account for Plaintiff's mental limitations in her RFC assessment, and the duplicative claim is DENIED.

13
14
15
16
17

### III.   Plaintiff Misstates the Court's Conclusion

The Court finds that Plaintiff's assertion that "[t]he Court clearly erred when it held that a mental impairment that is not 'severe' at step two of the sequential evaluation cannot impact a claimant's ability to perform 'semi-skilled' work," is misguided, at best.  In the Court's September 26, 2019 Order, it observed:

18
19
20
21
22
23
24
25
26

> [E]ven if the ALJ had neglected to include Plaintiff's mild mental limitation in her RFC analysis, that error would be harmless. Plaintiff's argument is only that the ALJ did not discuss her mild mental limitation, not that her mild mental limitation would prevent her from performing work as a medical records clerk or receptionist. Plaintiff lodged no objection to the ALJ's determination of her depression as "non-severe." *A non-severe limitation by its very definition has nothing "more than a minimal limitation" on Plaintiff's ability to do basic work activities.* Furthermore, a mild mental limitation can present no significant interference with the ability to perform basic work-related activities. Ultimately, any error that does not affect the ALJ's conclusion is harmless.

27
28

(Doc. 19 at 7-8) (emphasis added) (internal quotation marks and citations omitted).

Plaintiff attempts to refute the Court's conclusion by arguing (sans supporting

caselaw), "the fact that [Plaintiff] does not have a 'severe' mental impairment . . . does not mean that her mental impairment . . . cannot diminish her ability to perform more demanding 'semi-skilled' work." (Doc. 22 at 7)  In essence, Plaintiff argues that a non-severe mental impairment can affect and/or diminish her ability to perform semi-skilled labor.  The Court does not disagree with this assertion; and its observation that "[a] non-severe [mental] limitation . . . has nothing more than a minimal limitation on Plaintiff's ability to do basic work activities," (Doc. 19 at 7) does not contradict Plaintiff's claim that her mental limitations affect her ability to perform semi-skilled labor.

Magistrate Judge Ferraro and the Court correctly noted that the ALJ considered Plaintiff's mental limitations when assessing her RFC.  (Doc. 16 at 11-12; Doc. 19 at 7)  Moreover, not only did Plaintiff fail to object to the ALJ's determination that her mental limitations were "non-severe," she even went so far as to testify that "I don't think the depression [prevented] me from working in 2012 . . . . It was just the pain and that it makes me very unreliable[,]" at her administrative hearing (Doc. 12-3 at 72-73).  Plaintiff fails to provide any substantive caselaw or argument that indicates that an ALJ must disregard Plaintiff's direct testimony during her disability hearing.  In his R&R, Magistrate Judge Ferraro reiterated:

> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities . . . The court may overturn the decision to deny benefits only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole.

(Doc. 16 at 5) (internal quotation marks and citations omitted).

The Court finds the ALJ correctly determined credibility, resolved conflicts in medical testimony and ambiguities, and supported his findings with substantial evidence found in the record as a whole.  Plaintiff fails to demonstrate the Court's legal analysis and/or conclusions were "clearly erroneous" or "dead wrong."  Accordingly, Plaintiff's Motion for Reconsideration on this argument is DENIED, and this case remains CLOSED.

IT IS ORDERED:

1.  Plaintiff's Motion for Reconsideration (Doc. 21) is DENIED.

2.  This case remains CLOSED.


Dated this 7th day of July, 2020.


Honorable Cindy K. Jorgenson
United States District Judge